IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KELVIN J. MILES, #157867 | * | |
| Plaintiff | | |
| v. | * | CIVIL ACTION NO. AW-10-1315 |
| STATE OF MARYLAND | * | |
| PUBLIC DEFENDER SERVICE | | |
| STATE'S ATTORNEY, OFFICE FOR | * | |
| PRINCE GEORGE'S COUNTY | | |
| Defendants. | * | |
| | *** | |

## **MEMORANDUM**

Plaintiff's prior civil cases illustrated that he is currently serving a cumulative 45-year sentence on rape and kidnapping convictions imposed in 1979 and 1980. On May 24, 2010, the court received for filing this 42 U.S.C. § 1983 complaint for injunctive and declaratory relief and $500,000,000.00 in damages against the State of Maryland, the Maryland Office of the Public Defender, and the State's Attorney for Prince George's County, Maryland. He challenges his state convictions, claiming that: he did not testify or confront his accuser during the grand jury hearing; there was no description of the assailant in his "attempted" first-degree rape case; and he was subject to malicious prosecution and violations of his due process and equal protection rights.

Accompanying the Complaint is Plaintiff's Motion to Proceed *In Forma Pauperis* and for Appointment of Counsel. Paper No. 2. Were this Court to substantively review the claims on the merits, it would necessarily find the matter barred under the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994) (civil rights claims for damages which call into question the constitutionality of convictions may not proceed unless movant can show that convictions were overturned or otherwise nullified). However, as Plaintiff has accumulated more than three § 1915(e) dismissals of his prison civil actions, his Complaint is subject to dismissal pursuant to this Court's authority under 28 U.S.C. § 1915(g).

Title 28 U.S.C. § 1915(e)(2) states that:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

    (A)    the allegation of poverty is untrue; or
    (B)    the action or appeal --
        (i)    is frivolous or malicious;
        (ii)    fails to state a claim on which relief may be granted; or
        (iii)    seeks monetary relief against a defendant who is immune from such relief.

In addition, 28 U.S.C. § 1915(g) mandates that:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The court interprets this provision of the Act to require that once three such dismissals under § 1915(e) or Fed. R. Civ. P. 12(b)(6) have been accumulated, a prisoner will be barred thereafter from initiating further civil actions *in forma pauperis*, unless at the time he files the action he is under imminent danger of serious physical injury.[1] *See Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006) *Debuc v. Johnson*, 314 F.3d 1205, 1208-09 (10th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d. 307, 313 (3rd Cir. 2001).

Given the application of the aforementioned statute, this action shall not be permitted to proceed. Review of Plaintiff's prior § 1983 actions discloses that five of his actions were dismissed without requiring service of process on defendants because they were frivolous or had failed to state

---

[1] Of course, this provision does not preclude an inmate from prepaying the full filing fee to re-file claims previously rejected under §1915(g).

a constitutional claim for federal district court consideration.[2] In all five cases, Plaintiff was granted leave to proceed *in forma pauperis* pursuant to § 1915(a). In light of these previous "strikes" and the fact that Plaintiff's instant allegations plainly do not meet the "imminent danger" exception, this action shall be dismissed pursuant to § 1915(g). Plaintiff shall be denied leave to proceed without the prepayment of court costs.[3] He may, however, resume any claims dismissed under § 1915(g) under the fee provisions of 28 U.S.C. § 1914 applicable to all litigants.

A separate Order reflecting this opinion shall follow.

Date: June 24, 2010               /s/
                                  Alexander Williams, Jr.
                                  United States District Judge

---

[2] In reaching such a decision, the Court relies upon the prior orders of dismissal set out in *Miles v. Reginoe, et al.*, Civil Action No. S-94-2663 (D. Md.); *Miles v. Robinson, et al.*, Civil Action No. S-95-899 (D. Md.); *Miles v. Chance*, Civil Action No. S-95-1163 (D. Md.); *Miles v. Robinson, et al.*, Civil Action No. S-96-695 (D. Md.); and *Miles v. Governor, et al.,* Civil Action No. S-96-1921 (D. Md.). *See Evans v. Illinois Dep't of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998) (district court must cite specific case information upon which it issues a § 1915(g) dismissal).

[3] The Motion for Appointment of Counsel shall also be denied.